UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRA SHERMAN MOSBY,

          Petitioner,

v.

UNITED STATES OF AMERICA,

          Respondent.
_____/

Criminal Case No. 13-20011
Civil Case No. 16-11534

Hon. Gerald E. Rosen

**ORDER DENYING PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE HIS SENTENCE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 31, 2017    

PRESENT:    Honorable Gerald E. Rosen
                       United States District Judge

    In a judgment entered on September 10, 2013, Petitioner Deandra Sherman Mosby was sentenced to a 120-month term of imprisonment following his plea of guilty to a charge of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). In his Rule 11 plea agreement, Petitioner acknowledged that he did not dispute the U.S. Sentencing Guidelines calculations set forth in this agreement and its accompanying worksheets, and the agreement, in turn, provided that this calculation resulted in a sentencing "range" of 120 months' imprisonment, which

was determined by the ten-year statutory maximum for a violation of 18 U.S.C. 922(j). *See* 18 U.S.C. § 924(a)(2).

Through the present motion brought under 28 U.S.C. § 2255 and filed on April 27, 2016,[1] Petitioner now seeks to vacate his sentence as contrary to the Supreme Court's recent decision in *Johnson v. United States,* __ U.S. __, 135 S. Ct. 2551 (2015), as well as more recent Sixth Circuit rulings that have applied *Johnson* to career offender provisions in the Sentencing Guidelines, *see, e.g., United States v. Pawlak,* 822 F.3d 902 (6th Cir. 2016). More recently, Petitioner moved to stay these proceedings pending the Supreme Court's decision in *Beckles v. United States,* No. 15-8544, *cert. granted,* 136 S. Ct. 2510 (2016), which promises to address the question whether the ruling in *Johnson* invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), applies to the identically-worded residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines. In response to Petitioner's two motions, the Government argues (rather inconsistently) that the stay requested by Petitioner should be granted, but that Petitioner is not entitled to sentencing relief under *Johnson* or its progeny. The Court agrees with the second of these contentions,

---

[1] Petitioner subsequently sought leave to amend his initial petition, and the Court granted this request in a July 19, 2016 order.

and thus finds that a stay is unwarranted because Petitioner's § 2255 may readily be resolved on the merits.

As observed by the Government, neither the ruling nor the reasoning of *Johnson* is applicable here, since Petitioner was not sentenced as an armed career criminal under the ACCA or as a career offender under any of the relevant sentencing guidelines. To the contrary, by agreeing to plead guilty to a charge of possession of a stolen firearm in violation of 18 U.S.C. § 922(j) — as opposed to the felon-in-possession offense charged in the original indictment — Petitioner avoided the prospect of an enhanced sentence under the ACCA. Similarly, because a violation of 18 U.S.C. § 922(j) is subject to a 10-year statutory maximum sentence, *see* 18 U.S.C. § 924(a)(2), Petitioner avoided any possibility of an increased sentencing range pursuant to one of the career offender provisions in the Guidelines. Accordingly, regardless of any Sixth Circuit rulings applying the reasoning in *Johnson* to provisions in the Sentencing Guidelines, and regardless of the Supreme Court's forthcoming ruling in *Beckles,* Petitioner cannot establish an entitlement to sentencing relief based on any existing or future decision addressing the validity of the ACCA or the career offender provisions in

the Guidelines.[2]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Petitioner's April 27, 2016 motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (docket #28) is DENIED.  IT IS FURTHER ORDERED that Petitioner's July 15, 2016 motion to stay these proceedings (docket #36) also is DENIED.

Finally, IT IS FURTHER ORDERED that, in the event that Petitioner might seek to appeal any of the Court's rulings in the present order, a certificate of appealability should be DENIED as to each claim asserted in Petitioner's § 2255

---

[2] The Government further observes that *Johnson*'s ruling as to the residual clause of the ACCA applies only to prior convictions that previously were treated as "violent felonies" under that clause.  Petitioner's prior convictions, in contrast, were for drug offenses, and *Johnson* does nothing to disturb the characterization of such offenses.

motion, where (i) Petitioner has failed to make a substantial showing of the denial of a constitutional right, and (ii) the Court's determination as to the unavailability of § 2255 relief is not reasonably open to debate under the facts presented here.

                                       s/Gerald E. Rosen
                                       United States District Judge

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2017, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                       Case Manager, (313) 234-5135